## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

**MARGARET JEAN SMITH,**

       **Plaintiff,**

**v.**                                        **Civil Action No. 5:24-CV-00674**

**JIM JUSTICE,** *Governor*,
**HOMELAND SECURITY WV,**

       **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF Nos. 1, 2) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5) Having examined the amended complaint[1] (ECF No. 6), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

---

[1] The undersigned directed the Plaintiff to file an amended complaint to clarify her claims against the then-named Defendants and how they allegedly defrauded her, and thus substantiating federal question jurisdiction (ECF No. 6). The undersigned notes that upon review of her amendment, the Plaintiff appears to name the same Defendants, excepting the State of West Virginia, however, she still fails to plead any cognizable claim for relief. The undersigned notes, once again, that this particular litigant will not be able to comply with this Court's instructions, as the Plaintiff has once again alleged only a scattershot of bizarre claims.

[2] Because the Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

1

**The Plaintiff's Allegations**

In her amended complaint, the Plaintiff names the following Defendants: (1) "Jim Justice, Governor of West Virginia, 1900 Kanawha Blvd E Apt 26, Charleston, Kanawha, West Virginia, 25305, 304-558-2021"; and (2) "Homeland Security - WV, 501 Virginia St E. Suite 307, Charleston, Kanawha, West Virginia 25305, 304-352-2410". (ECF No. 7 at 2).

The Plaintiff indicates the basis for federal court jurisdiction is based upon a federal question: "28 U.S.C. § 1331"; "18 U.S.C. § 371 – conspiracy & Fraud"[3]; and "18 U.S.C. § 241"[4] (Id. at 3)

The undersigned takes judicial notice that the Plaintiff's current allegations mirror those she made in prior civil actions filed in this District, as she continues to make similar, if not identical claims she alleged in earlier complaints that had been dismissed by this Court for being meritless, conclusory, and delusional: see *Margaret Jean Smith v. United States of America, et al.,* 5:21-cv-

---

[3] 18 U.S.C. Section 371 provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.
>
> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

[4] 18 U.S.C. Section 241 provides as follows:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, of District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured –
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

00677; *Margaret Jean Smith v. Government, et al.*, 5:22-cv-00310; *Margaret Jean Smith v. Dept of Justice, et al.*, 5:24-cv-00015; see also *Margaret Jean Smith v. US Federal Government Agencies, et al.*, 5:22-cv-00154 (involving claims of copyright infringement for the alleged theft of the Plaintiff's flat screen TV design by numerous companies, foreign and domestic, and federal government agencies).

Although the Plaintiff's current complaint contains numerous past grievances that this Court is very familiar with, she alleges some more recent claims, including being defrauded out of a $500,000,000.00 settlement with "OIG Homeland Security, Washington, D.C." that was allegedly from a conspiracy between the Defendants. (Id. at 4) Once again, the gravamen of the Plaintiff's current allegations again concern a "conspiracy" against her that caused her mental anguish, loss of income, unspecific violations to her civil rights and human rights, having her "information deleted off of State Police computers", being prevented from obtaining a lawyer, that "someone is watching everything I do and were [*sic*] I go [] Having threats to my life", among other things (Id.). She demands $500 million "on top of DC settlement" (Id.).

### The Standard of Review

Because the Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, her complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim

3

lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."

<u>Id</u>. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional

scenarios." <u>Id</u>. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be

granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief. Deference is given to *pro se* complaints. See <u>Gordon

v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs

reasonable opportunity to develop pleadings.); <u>Coleman v. Peyton</u>, 370 F.2d 603, 604 (4th Cir.

1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.).

A *pro se* complaint may therefore be dismissed for failure to state a claim only if it appears "beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972), *quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-

46 (1957). Where a *pro se* complaint can be remedied by an amendment, however, the District

Court may not dismiss the complaint, but must permit the amendment. <u>Denton v. Hernandez</u>, 504

U.S. 25, 34 (1992).

### Discussion

As noted *supra*, this is the fifth time this Plaintiff has filed a complaint based on similar

allegations contained in previous lawsuits she filed in this District that had been dismissed.[5]

Clearly, this Plaintiff maintains her claims based on "fantastic or delusional scenarios" against the

same or similar defendants named in her prior lawsuit(s). <u>Neitzke</u> at 327-328. As the undersigned

---

[5] The Plaintiff filed another complaint along with this one, *Margaret Jean Smith v. Homeland Security West Virginia, et al.*, 5:24-cv-00675, that is addressed in a separate Proposed Findings and Recommendation filed contemporaneously herewith. Notably, the other civil action concerns the same Defendants, with nearly identical claims.

had found in her prior lawsuit(s), *supra*, that this Court adopted, this Plaintiff continues to file meritless civil actions alleging outlandish claims without any facts supporting any cognizable claim for relief. As before, this Plaintiff continues to fail to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure[6] as it does not contain sufficient facts and circumstances showing that she is entitled to relief. Nothing has changed in the case *sub judice* that causes the undersigned to deviate from his earlier findings and conclusions filed in her earlier civil actions concerning any of her claims, as the Plaintiff has merely reproduced the same allegations herein but with additional, yet no less delusional accusations. To that extent, the undersigned incorporates by reference the reasoning set forth in the prior proposed findings and conclusions set forth in the prior civil actions as bases for recommending dismissal of this action (see *Margaret Jean Smith v. United States of America, et al.,* 5:21-cv-00677, ECF No. 6; *Margaret Jean Smith v. Government, et al.*, 5:22-cv-00310, ECF No. 4; *Margaret Jean Smith v. Dept of Justice, et al.*, 5:24-cv-00015, ECF No. 7; see also *Margaret Jean Smith v. US Federal Government Agencies, et al.,* 5:22-cv-00154, ECF No. 8). Additionally, given the fact that this Court has adopted those findings and conclusions regarding the Plaintiff's claims, the undersigned further finds that Plaintiff's previously adjudicated claims concern the same ones she raises against the Defendants specified herein (*Id.,* ECF No. 12; *Id.*, ECF No. 12; *Id.*, ECF No. 10[7]; *Id.,* ECF No. 16).

---

[6] A pleading that states a claim for relief must contain:
    (1)  a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
    (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

[7] The Fourth Circuit Court of Appeals affirmed this Court's judgment in civil action number 5:24-cv-00015 on September 23, 2024, and issued its formal mandate as recently as November 15, 2024 (ECF No. 25).

The doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide yet additional grounds that command dismissal of the Plaintiff's current civil action. The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

It is apparent that this case involves the same events or offenses complained of in the prior civil action(s) the Plaintiff has filed in this Court. "The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See Harrison v. Burford, 2012 WL 2064499, at *3 (S.D.W. Va. Jun. 7, 2012) (citations omitted). The undersigned finds that the Plaintiff's allegations or issues raised in the current civil action are the same as those presented in her prior civil action(s), she merely adds other defendants to bootstrap

6

her prior claims. In short, the current case is barred by *res judicata*.

Alternatively, the undersigned finds the Plaintiff's statements or allegations are replete with "fantastic or delusional scenarios"[8] that warrants dismissal: even attempting liberal construction of the Plaintiff's allegations is an exercise in futility – from the undersigned's review, the Plaintiff recites statements that are "disconnected, rambling, and largely incoherent." See Kraim v. Virginia, No. 3:21-cv-00326, 2021 WL 3612305, at *2 (S.D.W. Va. Jul. 26, 2021) (Eifert, M.J.) (quoting Von Fox v. U.S. State Department, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 (D.S.C. Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings of a troubled mind."). Because the Plaintiff's amended complaint lacks any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed.

Because the undersigned's analyses in prior findings and recommendations apply equally to the matters herein, as they involve similar factual allegations, it does not warrant expenditure of this Court's limited resources, by reproducing same here. On that note, since this Plaintiff has shown a pattern of pursuing strikingly similar claims she should know by now to be improper, and the Plaintiff threatens this Court's fundamental ability to manage its docket and to secure "the just, speedy, and inexpensive determination of every action and proceeding" at the heart of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1.

The Court has the authority to restrict vexatious litigants from repeatedly filing frivolous matters without first obtaining leave of court. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-50 (1991); see also, Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004)

---

[8] Neitzke at 327-328.

7

("Undoubtedly, the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants like Cromer."). While "use of such measures against a pro se plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts," a prefiling injunction is warranted in the "exigent circumstances" where a litigant engages in "continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 817-818. Such "exigent circumstances" unquestionably exist when as this Plaintiff has here and several times before, filed deficient pleadings with this Court resulting in near immediate dismissal. See *Emrit v. Bd. of Immigr. Appeals, et al.*, 2:22-cv-00110, 2022 WL 3594518, at *1 (S.D. W. Va. Aug. 23, 2022) Goodwin, J.); see also, *Staples, et al. v. Yates, et al.*, 2:23-cv-00429, 2024 WL 1329963, at *17 (S.D.W. Va. Mar. 28, 2024) (Goodwin, J.)

In short, because this Plaintiff continues to file meritless and delusional claims in this Court, the applicable legal authority empowers this Court to enter an appropriately tailored injunction to prevent this Plaintiff from further abusing the judicial system with repetitive, duplicative, and frivolous lawsuits. In consideration of the Plaintiff's *pro se* status, and out of abundance of caution endorsed by the pertinent jurisprudence, the undersigned would also recommend that the Plaintiff be warned expressly by the Court that pursuing further vexations litigation in this Court could subject her to sanctions.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF Nos. 1, 2), **DISMISS** the

Plaintiff's amended complaint (ECF No. 7) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: January 7, 2025.



Omar J. Aboulhosn
United States Magistrate Judge