**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

MARGARET JEAN SMITH,

      Plaintiff,

  v.                                                                    CIVIL ACTION NO. 5:24-cv-00674

JIM JUSTICE, *Governor*, and
HOMELAND SECURITY WV

      Defendants.

## <u>ORDER</u>

Pending are Margaret Jean Smith's Application to Proceed Without Prepayment of Fees and Costs [ECFs 1, 2] and Letter-Form Motion for Appointment of Counsel [ECF 4], filed November 22, 2024, as well as Amended Complaint [ECF 7], filed December 20, 2024. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R [ECF 8] on January 7, 2025, recommending that the Court deny Ms. Smith's Application to Proceed Without Prepayment of Fees and Costs [ECFs 1, 2], deny Ms. Smith's Letter-Form Motion for Appointment of Counsel [ECF 4], dismiss Ms. Smith's Amended Complaint [ECF 7], and remove this matter from the Court's docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023).

Ms. Smith filed her objections to the PF&R on January 21, 2025. [ECF 10]. The entirety of the hand-written filing reads as follows:

> I object to being prevent (sic) from ever file (sic) a civil case in Federal or State Courts, or sanctions for fighting for my Civil Rights and Human Rights when I could not get any help. <u>Basic</u> (sic): My case against Mr. Justice and Homeland Security was based on Everyone involved in the Homeland Security was compensated for their civil rights violation. Rule 21 Civil procedure may had (sic) caused my case to be harder to get thru court. And FRCP Rule 12(b)(6) as a claim for the objection[.] The case filing was embarrasing (sic) for me in Pacer. I will not be back.

[*Id.*]. The Court surmises from Ms. Smith's filing that she has two objections to the PF&R.

First, Ms. Smith objects to the imposition of a prefiling injunction or sanctions for her duplicitous filings. Although the PF&R outlines the standards for imposing a prefiling injunction and recommends that the Court expressly warn Ms. Smith of potential sanctions should

she continue to file vexatious and duplicitous cases, it does not impose either. Ms. Smith can avoid

both by refraining from filing repetitive, duplicative, and frivolous lawsuits. But even if a prefiling

injunction is eventually imposed, it does not prevent her from ever filing a civil case in federal or

state courts. The Court has no jurisdiction to bar Ms. Smith from pursuing state court actions, and

a prefiling injunction does not prevent the filing of *all* future federal claims by Ms. Smith. Rather,

it must be "narrowly tailored" to "address only filings in [the instant] or related actions." *Cromer*

*v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004). Accordingly, the Court

**OVERRULES** this objection.

Ms. Smith also claims that *Federal Rule of Civil Procedure* 21 may have affected

her ability to prosecute her case and cites Rule 12(b)(6) "as a claim for the objection." *[Id.]*. Rule

21 relates to the joinder and misjoinder of parties, while Rule 12(b)(6) governs motions to dismiss

for failure to state a claim. Neither of these rules were mentioned in the PF&R, and no party filed

a motion to dismiss under Rule 12(b)(6). Insofar as Ms. Smith's general conclusory statements do

not alert the Court of the grounds for the objection, they need not be considered.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 8**], **DENIES** Ms. Smith's

Application to Proceed Without Prepayment of Fees and Costs [**ECFs 1, 2**], and Letter-Form

Motion for Appointment of Counsel [**ECF 4**], **DISMISSES** the Amended Complaint [**ECF 7**],

and **DISMISSES** the matter.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to any counsel of

record and any unrepresented party.

ENTER:          January 31, 2025

Frank W. Volk
Chief United States District Judge

3